IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAIRIOU DIALLO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NYC FROYO PARTNERS LLC d/b/a 16 HANDLES and BRUCE COHEN,<br><br>Defendants. | No. 21-cv-9222<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Dairiou Diallo ("Plaintiff" or "Diallo"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of NYC Froyo Partners LLC d/b/a 16 Handles and Bruce Cohen's (collectively, "Defendants" or "16 Handles") failure to comply with the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law"), the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

2. New York City passed the Fair Workweek Law to require fast food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment. 16 Handles has violated the Fair Workweek Law by failing to provide predictable schedules with at least 14-days' notice, changing employees' schedules at the last minute, and failing to offer new shifts to current employees before hiring new employees. *See* N.Y.C. Admin. Code §§ 20-1221-22; 20-1231; 20-1241.

3. 16 Handles also violated the NYLL because it failed to timely pay its hourly workers. The NYLL requires employers to pay manual workers, like 16 Handles' hourly workers, within seven calendar days after the end of the week in which wages were earned. N.Y. Lab. Law § 191. 16 Handles paid hourly employees on a biweekly basis.

4. Finally, 16 Handles violated the NYLL by failing to provide each employee with a statement with every payment of wages, listing the following: all rates of pay, including the Fair Workweek premiums, which 16 Handles did not pay. N.Y. Lab. Law § 195(3).

## THE PARTIES

### Plaintiff Dairiou Diallo

5. Dairiou Diallo is an adult individual who is a resident of the state of New York.

6. Diallo was employed as an hourly worker at the 16 Handles located at 25 Amsterdam Ave, New York, New York, from approximately February 2019 through January 2020.

7. Diallo is a covered employee within the meaning of the Fair Workweek Law and NYLL.

8. When 16 Handles first hired Diallo, it did not provide her with a good faith estimate of the hours, dates, times, and locations of her expected regular schedule in violation of N.Y.C. Admin. Code § 20-1221(a).

9. 16 Handles regularly failed to provide Diallo with a written work schedule at least 14 days before the first day of each schedule in violation of N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).

10. During Diallo's employment, 16 Handles failed to post the schedule in the workplace and personally provide it to Diallo, either electronically or on paper. N.Y.C. Admin. Code § 1221(c)(1).

11. During Diallo's employment, 16 Handles regularly changed Diallo's schedule at the last minute and failed to pay her schedule change premiums in violations of N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b).

12. During the summers, on approximately a weekly basis, Diallo stayed past the end of her scheduled shift by more than 15 minutes and 16 Handles did not pay her a premium for that time.

13. 16 Handles also failed to notify Diallo of the details of the available shifts, including whether the shifts were recurring and how to express interest in picking them up, before hiring new employees in violation of N.Y.C. Admin. Code § 20-1241.

14. The paystub that 16 Handles provided to Diallo did not include the Fair Workweek premiums, which 16 Handles did not pay.

**<u>Defendants</u>**

**NYC Froyo Partners LLC d/b/a 16 Handles**

15. Defendant NYC Froyo Partners LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 498 Sixth Avenue, New York, New York.

16. During all relevant times, NYC Froyo Partners LLC has been Plaintiff's employer within the meaning of the Fair Workweek Law and NYLL.

17. NYC Froyo Partners LLC is a "fast food establishment" under the Fair Workweek Law because it is a limited-service establishment that is part of a chain with 30 or more establishments nationally, where patrons order or select food and drink items and pay before eating. N.Y.C. Admin. Code § 20-1201.

**Bruce Cohen**

18. Upon information and belief, Bruce Cohen is a resident of the state of Florida.

19. Upon information and belief, Bruce Cohen owns and is an agent of NYC Froyo Partners LLC.

20. Upon information and belief, Bruce Cohen has the power over payroll decisions at NYC Froyo Partners LLC.

21. Upon information and belief, Bruce Cohen takes an active role in managing NYC Froyo Partners LLC.

22. Upon information and belief, Bruce Cohen has the power to hire and fire employees at NYC Froyo Partners LLC, set their wages, retain time and/or wage records, and otherwise control the terms of their conditions of employment.

23. During all relevant times, Bruce Cohen has been Plaintiff's employer within the meaning of the Fair Workweek Law and NYLL.

## JURISDICTION AND VENUE

24. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

25. Plaintiff and members of the proposed class are citizens of states different from that of at least one Defendant.

26. There are over 100 members in the proposed class.

27. Defendants are subject to personal jurisdiction in New York.

28. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

**FAIR WORKWEEK LAW CLASS ALLEGATIONS**

29. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and other current and former employees. The Fair Workweek Law Class that Plaintiff seeks to represent is defined as:

> All hourly employees employed by NYC Froyo Partners LLC d/b/a 16 Handles in New York City at any time within two years prior to the filing date of this action through the date of final disposition.

30. The proposed Fair Workweek Law Class is so numerous that joinder of all members is impracticable. During the relevant period, 16 Handles has employed hundreds of employees in New York City.

31. The claims of Plaintiff are typical of the members of the proposed Fair Workweek Law Class:

- **Good Faith Estimate**: 16 Handles fails to provide each employee with a written good faith estimate of the hours, dates, times, and locations of the employee's expected regular work schedule ("good faith estimate"). N.Y.C. Admin. Code § 20-1221(a). The employer must provide a good faith estimate to each employee on or before the employee's first day of work and whenever the employee's expected regular schedule changes. *Id.*

- **Advance Notice of Schedule**: 16 Handles fails to provide each employee with a written work schedule at least 14 days before the first day of each schedule. N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c). 16 Handles fails to post the schedule in the workplace and/or personally provide it to each employee, either electronically or on paper. N.Y.C. Admin. Code § 1221(c)(1). 16 Handles also fails to provide employees with the new versions of the schedule within 24 hours of making the change. *Id.* § 1221(c)(2).

- **Consent for Additional Hours**: Although 16 Handles is permitted to add time to employees' schedules or ask them to work late, employees may decline to work additional time that was not included in their initial work schedules, and employers must obtain employees' written consent to work additional time. N.Y.C. Admin. Code § 20-1221(d). Employers must obtain employee consent to each unique schedule change; general or ongoing consent is insufficient. 6 R.C.N.Y. § 7-606(a). 16 Handles does

not obtain written consent when requiring employees to work additional time.

- **Schedule Change Premium Pay**: When 16 Handles makes a change of more than 15 minutes to an employee's schedule with less than 14 days' notice, 16 Handles must pay the employee a schedule change premium ("premium pay"). N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b). The amount of premium pay owed is between $10 and $75 per schedule change, depending on how much advance notice the employee received, and whether the employer added or subtracted time from the work schedule. N.Y.C. Admin. Code § 20-1222(a). 16 Handles does not pay this premium pay to its employees.

- **Access to Hours**: 16 Handles must give current part-time employees the opportunity to work more shifts before hiring new employees. When 16 Handles has available shifts to assign, before hiring new employees it must notify current employees of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up. N.Y.C. Admin. Code § 20-1241. When an employee picks up a recurring shift under this procedure, 16 Handles must add the shift to the employee's good faith estimate. N.Y.C. Admin. Code § 20-1221(a). 16 Handles does not comply with these requirements.

- **Recordkeeping:** 16 Handles must maintain records that document its compliance with each of the above requirements of the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a).

32.   Each class member's claim is controlled by the Fair Workweek Law and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all were subject to 16 Handles' common policy and practice of violating the Fair Workweek Law.

33.   Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the

individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

## NYLL CLASS ALLEGATIONS

34. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and other current and former employees. The NYLL Class that Plaintiff seeks to represent is defined as:

> All hourly employees employed by 16 Handles in New York at any time within six years prior to the filing date of this action through the date of final disposition.

35. The proposed NYLL Class is so numerous that joinder of all members is impracticable. During the relevant period, 16 Handles has employed over 100 employees in New York.

36. The claims of Plaintiff are typical of the members of the proposed NYLL class:

- 16 Handles fails to timely compensate Plaintiff and the NYLL Class; and

- 16 Handles fails to furnish Plaintiff and NYLL Class Members with accurate statements of all wages earned, including Fair Workweek premiums, which it did not pay, as required by the Wage Theft Prevention Act.

37. Each class member's claim is controlled by the NYLL and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all were subject to 16 Handles' common policy and practice of violating the NYLL.

38.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer.  The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation.  Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results.  Class certification will eliminate the need for duplicate litigation.

39.     Pursuant to Fed. R. Civ. P. 23(b)(2), 16 Handles has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

40.     Plaintiff will fully and adequately protect the interests of the class.  Plaintiff seeks the same recovery as the class, predicated upon the same violations of law and the same damage theory.  Plaintiff has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions.  Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the class.

**FIRST CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

41.     Plaintiff, on behalf of herself and the Fair Workweek Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

42.     16 Handles is required to provide each new employee with a written good faith estimate no later than when a new employee receives his or her first work schedule.  N.Y.C. Admin. Code § 20-1221(a).

43. 16 Handles is also required to maintain records of the good faith estimates it provides to employees. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(2)(i). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

44. 16 Handles committed a violation of Section 20-1221(a) of the Fair Workweek Law each time it failed to provide a written good faith estimate to any employee hired to work in any New York City store.

45. As a result of 16 Handles' violations of Section 20-1221(a) of the Fair Workweek Law, Plaintiff and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

46. Plaintiff, on behalf of herself and the Fair Workweek Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

47. 16 Handles is required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule. N.Y.C. Admin. Code § 20-1221(b).

48. 16 Handles is also required to maintain records of each written schedule provided to each employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

49. 16 Handles committed a violation of Section 20-1221(b) of the Fair Workweek Law each week it failed to provide each employee with that employee's written work schedule 14 days in advance.

50. As a result of 16 Handles' violations of Section 20-1221(b) of the Fair Workweek Law, Plaintiff and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Schedule Change Premiums**
**(Brought on behalf of Plaintiff and the Fair Workweek Class)**

51. Plaintiff, on behalf of herself and the Fair Workweek Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

52. 16 Handles is required to provide employees with premium pay for changes it makes to employees' work schedules any time after the 14-day statutory schedule provision date. N.Y.C. Admin. Code § 20-1222(a).

53. 16 Handles is required to maintain records that show each written work schedule provided to each employee, each employee's actual hours worked, and the amounts of premium pay provided to employees whose work schedules are changed by 16 Handles with less than 14 days' notice. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1) and 609(a)(2)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

54. 16 Handles committed a unique violation of Section 20-1222(a) of the Fair Workweek Law each time it failed to pay required schedule change premiums to fast food employees whose work schedules it changed with less than 14 days' notice.

55. As a result of 16 Handles' violations of Section 20-1222(a) of the Fair Workweek Law, Plaintiff and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
### Fair Workweek Law
### Failure to Offer Newly Available Shifts to Existing Employees
### (Brought on behalf of Plaintiff and the Fair Workweek Class)

56. Plaintiff, on behalf of herself and the Fair Workweek Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

57. 16 Handles is required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees. N.Y.C. Admin. Code § 20-1241.

58. 16 Handles is required to maintain records that document its compliance with the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

59. 16 Handles committed a unique violation of Section 20-1241 of the Fair Workweek Law each time it failed to offer a current employee the shifts it subsequently offered to a new hire in the same 16 Handles location.

60. As a result of 16 Handles' violations of Section 20-1241 of the Fair Workweek Law, Plaintiff and the Fair Workweek Class are entitled to: (1) an order directing compliance; (2)

compensatory damages and any other relief required to make the employee whole; and (3) reasonable attorney's fees.

### FIFTH CAUSE OF ACTION
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of the Plaintiff and the NYLL Class)**

61. Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

62. 16 Handles has willfully failed to supply the Plaintiff with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing rate or rates of pay and basis thereof.

63. Through their knowing or intentional failure to provide the Plaintiff and the NYLL Class with the accurate wage statements required by the NYLL, 16 Handles has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to 16 Handles willful violations of NYLL, Article 6, § 195(3), Plaintiff and the NYLL Class are entitled to statutory penalties of $250 for each workweek that 16 Handles failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

### SIXTH CAUSE OF ACTION
**NYLL – Failure to Provide Timely Wage Payments**
**(Brought on behalf of the Plaintiff and the NYLL Class)**

65. Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

66. The timely payment of wages provision as set forth in NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the NYLL Class.

67. Defendants failed to pay Plaintiff and the NYLL Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the NYLL Class being underpaid.

68. Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under the NYLL and Fair Workweek Law;

B.  An award of unpaid wages and damages, according to proof, including liquidated damages;

C.  Certification of this case as a class action pursuant to Rule 23;

D.  Designation of Plaintiff as representative of the Classes, and counsel of record as Class Counsel;

E.  Unpaid schedule change premiums;

F.  Compensatory damages and any other relief required to make the employees whole;

G.  Statutory penalties of $250 for each workweek that 16 Handles failed to provide the Plaintiff and the NYLL Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

H.  Appropriate equitable and injunctive relief to remedy 16 Handles' violation of

NYLL, including but not limited to an order enjoining 16 Handles from continuing its unlawful practices;

    I.    Penalties, as provided by law;

    J.    Reasonable service award for the Named Plaintiff for the time she spent attempting to recover wages for Class Members and for the risks she took in doing so;

    K.    Attorneys' fees and costs of action incurred herein, including expert fees;

    L.    Pre-judgment and post-judgment interest, as provided by law; and

    M.    Such other legal and equitable relief as this Court deems necessary, just, and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

Dated: November 8, 2021

Respectfully submitted,

*/s/ Sally J. Abrahamson*

Sally J. Abrahamson
sabrahamson@flsalaw.com
**Werman Salas P.C.**
335 18th Pl NE
Washington, D.C. 20002
Phone No.: (202) 830-2016
Fax No.: (312) 419-1025

Douglas M. Werman*
Maureen A. Salas*
dwerman@flsalaw.com
msalas@flsalaw.com
**Werman Salas P.C.**
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

*Attorneys for Plaintiff and the Putative Rule 23 Classes*

*Pro hac vice* application forthcoming